UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT E. MILLER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-785 DRL-SJF |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Scott E. Miller, a prisoner without a lawyer, filed a habeas petition challenging his conviction for dealing methamphetamine under Case No. 44D01-407-FA-9. Following a jury trial, on April 11, 2005, the Lagrange Circuit Court sentenced Mr. Miller to 50 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Mr. Miller sought federal habeas relief in connection with his conviction. He first attempted to obtain habeas relief in *Miller v. Superintendent*, 2:13-CV-282 (S.D. Ind. dismissed Jan. 28, 2015), but the court denied his habeas petition on the basis that his claims were without merit. He also attempted to obtain habeas relief in *Miller v. Warden*, 3:19-CV-901 (N.D. Ind. dismissed Nov. 18, 2019), and in *Miller v. Warden*, 3:22-CV-144 (N.D. Ind. dismissed Feb. 24, 2022), but the court dismissed these cases due to the unauthorized nature of these successive habeas petitions. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting

any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Mr. Miller to file a successive petition, the court cannot proceed in this case.

Because Mr. Miller cannot proceed on an unauthorized successive petition, the court dismisses this case. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Mr. Miller a certificate of appealability.

As a final matter, the court observes that this habeas petition comprises Mr. Miller's third effort to pursue an unauthorized successive petition. At this point, Miller knows that he cannot obtain relief by filing additional habeas petitions in this court to challenge his conviction or sentence in Case No. 44D01-407-FA-9 without prior authorization from the Seventh Circuit. He has also declared, under penalty of perjury, that he has never challenged this conviction before in federal court (ECF 2 at 2, 4), despite initiating three other federal habeas cases and two related appeals, the most recent of which ended less than two years ago in *Miller v. Galipeau*, 22-1437 (7th Cir. dismissed Nov. 29, 2022). Though the court declines to issue sanctions at this time, the court cautions

Miller against filing any further unauthorized habeas petitions challenging his conviction and sentence Case No. 44D01-407-FA-9 and against making material misstatements to the court.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Scott E. Miller a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

October 4, 2024            *s/ Damon R. Leichty*
                                             Judge, United States District Court